I respectfully dissent.
I fear that at times we as judges lose sight of the fact that we are deciding whether a human being will live or die when we consider the merits of a death penalty case. Using the power of state government to kill a human being is the most serious and the most dramatic use of power I can imagine. Because of the seriousness of our acts, we as judges need to be especially careful to ascertain whether or not the trial court proceedings were or are properly conducted.
This particular case raises very important issues. During the trial proceedings, the relationship between Warren K. Henness and his defense attorneys completely broke down. The deterioration of the relationship was the fault of both Mr. Henness and the attorneys who had been representing him, not just one individual.
Counsel requested permission of the trial judge to withdraw so they could be replaced by someone who had or who could develop the trust of Mr. Henness. The trial judge refused to allow a change of counsel.
On direct appeal, this court disposed of this serious problem with basically a single sentence: "Finally, the record here does not disclose circumstances which would require mandatory withdrawal of trial counsel." The court then cited to "DR2-100(B)" as authority. However, the Code of Professional Responsibility as adopted by the Supreme Court of Ohio on October 5, 1970 has no DR2-100 and has never had such a Disciplinary Rule. The issue was not carefully addressed.
On further appeal to the Supreme Court of Ohio, that court addressed the issue of effective assistance of counsel in the context of a proposition of law which contended that the trial court abused its discretion in denying defense counsel's motion to withdraw from the case before the mitigation hearing. See Statev. Henness (1997), 79 Ohio St.3d 53 at 65. The Supreme Court of Ohio, based upon the record before it, found that "* * * at no time did this personality conflict erode [lead defense counsel's] representation of appellant to the point of rendering it ineffective." Idem at 66.
The record before us now contains an affidavit from that same lead counsel which includes:
 Affiant further states that after the verdict of guilty by the jury, both counsel turned to the preparation of mitigation evidence and continued with efforts that had commenced before trial. At this point, the disagreements and conflicts of opinion between counsel and Mr. Henness, which had been developing throughout the case, came to full fruition and totally ruptured the attorney-client relationship. At the time, and now, I considered this to be an actual conflict, and a conflict which was irreparable, and further required that counsel withdraw from further representation in the case.
The majority of this panel resolves the problem by suggesting that the doctrine of res judicata applies. I, on the other hand, would not apply res judicata because I see a difference between unsworn statements in open court or in a memorandum appended to a motion and sworn testimony provided by affidavit. The record did not contain sworn testimony on the extent of the breakdown of the relationship between Mr. Henness and his attorneys prior to the filing of the post-conviction relief petition. The earlier review on appeal did not have evidence in the record to use as a basis for completely considering the issue.
As a result, I would sustain the second and fourth assignments of error.
I am even more concerned then the other members of this panel over the appearance that the trial court resolved this petition for post-conviction relief without benefit of significant portions of the record, especially the trial transcript. I am not willing to assume regularity of proceedings in the trial court when a person's life is on the line and the information before us seems to demonstrate that the necessary transcript was not available. As a result, I would also sustain the first assignment of error.
Finally, the amount of discovery which can be conducted in a post-conviction relief proceeding is not clear. The Supreme Court of Ohio would do well to provide clarification. At a minimum, Mr. Henness should have been able to depose his former attorneys to clarify the extent of the conflict and the reasons for it. Thus, I would also sustain the third assignment of error.
For the reasons set forth earlier in this dissent, I would sustain the assignments of error and remand the case for limited discovery proceedings and an evidentiary hearing. Since the majority of this panel does not, I respectfully dissent.